**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JOHN W. THOMAS, : | |
| Fed. Reg. No. 41345-074, : | PRISONER HABEAS CORPUS |
|     Petitioner, : | 28 U.S.C. § 2241 |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:16-CV-1133-WSD-JSA |
| DARLENE DREW, : | |
|     Respondent. : | |

**UNITED STATES MAGISTRATE JUDGE'S FINAL
REPORT AND RECOMMENDATION**

Petitioner John W. Thomas challenges via 28 U.S.C. § 2241 the Federal Bureau of Prisons' ("BOP") calculation of his sentence. The matter is now before the Court for consideration of the petition [Doc. 1] and the Government's motion to dismiss the petition with brief in support and attached exhibits [Doc. 4]. For the following reasons, the undersigned **RECOMMENDS** that the petition be **DENIED**.

I.   Procedural History

While out on state parole in the Eastern District of Tennessee on February 21, 2005, Petitioner committed the federal offense of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. 4, Attach. 1 at 2; Doc. 4, Attach. 2 ("Kelly Decl."), ¶ 6 & Attachs. 1-2). Petitioner was arrested on

March 18, 2005, by Tennessee authorities for that offense, and the State of Tennessee revoked his state parole. (Kelly Decl., ¶ 7 & Attach. 2).

On October 5, 2005, Petitioner was temporarily transferred to federal custody *vis-a-vis* a federal writ of habeas corpus *ad prosequendum* to dispose of his federal charges. (Doc. 1, Attach. 2). Thereafter, on May 3, 2007, Petitioner entered a plea to the federal felon in possession of a firearm charge, and the United States District Court for the Eastern District of Tennessee sentenced Petitioner to a total of 190 months of imprisonment. (Doc. 4, Attach. 1 at 2; Kelly Decl., ¶ 9). The federal sentence form does not indicate whether the federal court ordered the sentence to run concurrently or consecutively with Petitioner's state court sentence. (Kelly Decl., ¶ 6 & Attach. 1; Doc. 4, Attach. 1). Petitioner was returned to Tennessee state custody on July 2, 2007. (Kelly Decl., ¶ 10).

On August 6, 2008, Petitioner was released from state custody on parole, and was immediately transferred into federal custody. (Kelly Decl., ¶ 11 & Attach. 2). In computing Petitioner's sentence, the BOP determined that date as the date Petitioner's federal sentence began with no credit for prior jail time. (Kelly Decl., ¶ 16). Based on this calculation, Petitioner is currently scheduled for release from BOP custody on May 22, 2022. (Kelly Decl., ¶ 16 & Attach. 7).

2

Petitioner now brings this § 2241 petition, and argues that the BOP's calculation of his release date is incorrect because the BOP has not awarded him credit for the time he spent in temporary federal custody from October 5, 2005, to July 2, 2007, pursuant to the habeas corpus *ad prosequendum*. The Government argues that Petitioner's federal sentence began on August 6, 2008, and under 18 U.S.C. § 3585(b), the BOP cannot credit the period Petitioner was in custody prior to that time. As further discussed herein, the undersigned agrees with the Government.

II.     Analysis

Petitioner cannot receive the relief he seeks. First, "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Additionally, the law is clear that "federal jail time be computed only to include such time that the prisoner has served in confinement for the federal offense involved." *Meagher v. Clark*, 943 F.2d 1277, 1283 (11th Cir. 1991). Petitioner was not received into official federal custody until August 6, 2008, the date that he was paroled from state custody. And "[m]ultiple terms of imprisonment imposed at different times run consecutively

3

unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Thus, according to 18 U.S.C. § 3585(a), the BOP correctly determined that Petitioner's federal sentence began on August 6, 2008, (*See* Kelly Decl., ¶ 13 & Attach. 4), and because the federal court did not explicitly order that Petitioner's federal sentence run concurrently to his state court sentence, the BOP properly calculated that the federal sentence run consecutively thereto.

Petitioner also received credit against his state sentence for all of the time he was in state custody, including the time that he was temporarily in federal custody from October 5, 2005, to July 2, 2007. (*See* Kelly Decl., Attach. 2). Thus, the BOP cannot credit any of that time period to Petitioner's federal sentence. *See* 18 U.S.C. § 3585(b) (providing that a defendant shall be given credit as a result of any other charge for which the defendant was arrested after the commission of the current offense *that has not been credited against another sentence*); *United States v. Wilson*, 503 U.S. 329, 334 (1992) ("Congress made clear that a defendant could not receive a double credit for his detention time."); *accord Scruggs v. Adkinson*, 423 F. App'x 858, 861 (11th Cir. 2011) (holding that prisoner's time served during his state court pre-trial detention could not be credited toward his federal sentence since that time was credited toward his state sentence, even if a federal detainer

4

was pending); *Castillo v. Federal Corr. Inst. of Tallahassee*, 163 F. App'x 803, 804 (11th Cir. 2006) (holding that under 18 U.S.C. § 3585(b), federal prisoner was not entitled to credit for time served prior to the imposition of her federal sentence because that time period was credited against her state sentence).  Accordingly, Petitioner is not entitled to double credit against his federal sentence for any of the time he spent in state custody.

The fact that Petitioner was sent to federal authorities pursuant to a habeas corpus *ad prosequendum* from October 5, 2005, through July 2, 2007, makes no difference to the BOP's calculation of Petitioner's sentence.  Indeed, when Petitioner was loaned to the federal authorities, he was only in their "temporary" custody and the State of Tennessee continued to retain primary jurisdiction over him.  *See Butler v. Warden, FCC Coleman-Medium*, 451 F. App'x 811, 812 (11th Cir. 2011) ("[W]hen the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus *ad prosequendum*, the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence."); *Powell v. Jordan*, 159 F. App'x 97, 98-100 (11th Cir. 2005) ("'[I]f a defendant is in state custody and he is turned over to federal officials for federal prosecution,

5

the state government's loss of jurisdiction is only temporary.'") (quoting *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980)); *Trice v. Vazquez*, No. 2:07-CV-0027, 2007 WL 2230609, at *3, n.2 (S.D. Ga. 2007) ("A federal sentence does not commence when a federal defendant is produced by a state for federal prosecution by means of a writ of habeas corpus *ad prosequendum*; state authorities retain primary jurisdiction over the defendant until the state releases the defendant on satisfaction of the state obligation."). *See also* Kelly Decl., at Attach. 4 (containing part of BOP Program Statement 5880.28, which provides that the sentence commences on the date of imposition only if the prisoner is in *exclusive* federal custody and not under the jurisdiction of a federal writ of habeas corpus *ad prosequendum*), and at Attach. 5 ("[t]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time" because "[t]he federal court merely 'borrows' the prisoner. . ."). Because the State of Tennessee retained primary jurisdiction over Petitioner from October 5, 2005, through July 2, 2007, that time period does not count toward Petitioner's federal sentence.

6

This Court can discern no basis by which the BOP abused its discretion in calculating Petitioner's federal sentence. Accordingly, Petitioner has failed to state a claim for relief under § 2241.

III. Conclusion

For the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that the Government's motion to dismiss instant habeas petition [Doc. 4] be **GRANTED**, that the instant petition [Doc. 1] be **DENIED** and that this action be **DISMISSED**.

The Clerk is **DIRECTED** to **TERMINATE** the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 11th day of October, 2016.

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)