IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN W. THOMAS,

                Petitioner,

     v.

DARLENE DREW, Warden, U.S.
Penitentiary Atlanta,

               Respondent.

1:16-cv-1133-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation ("R&R") [7], recommending that Respondent Darlene Drew's ("Respondent") Motion to Dismiss [4] be granted, that Petitioner John W. Thomas' ("Petitioner") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Section 2241 Petition") [1] be denied, and that this action be dismissed.

## I.  BACKGROUND

On February 21, 2005, while on state parole in Tennessee, Petitioner committed the federal offense of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  ([4.2] ¶ 6).  On March 18, 2005, Petitioner was arrested by Tennessee state authorities and the State of Tennessee revoked his state

parole.  ([4.2] ¶ 7).  On October 5, 2005, pursuant to a federal writ of habeas corpus ad prosequendum, Petitioner was temporarily transferred to federal custody for processing of his pending federal charge.  ([4.2] ¶ 8).  On May 3, 2007, Petitioner pleaded guilty to one count of felon in possession of a firearm, and the United States District Court for the Eastern District of Tennessee sentenced him to 190 months in prison.  ([4.2] ¶ 9).  The federal sentence form does not indicate whether the federal court ordered the sentence to run concurrently or consecutively with Petitioner's state court sentence.  ([4.2] ¶ 9).  On July 2, 2007, Petitioner was returned to Tennessee state custody.  ([4.2] ¶ 10).

On August 6, 2008, Tennessee state authorities released Petitioner on parole and transferred him to federal custody.  ([4.2] ¶ 11).  The Federal Bureau of Prisons ("BOP") determined that Petitioner's federal sentence began on August 6, 2008, granting him no credit for prior jail time.  ([4.2] ¶ 16).  The BOP has scheduled Petitioner for release from federal custody on May 22, 2022. ([4.2] ¶ 16).

On April 4, 2016, Petitioner filed his Section 2241 Petition, arguing that the time he spent in federal custody from October 5, 2005, to July 2, 2007, pursuant to the federal writ of habeas corpus ad prosequendum, should be credited against his federal sentence.  On June 17, 2016, Respondent filed his Motion to Dismiss.  On

October 11, 2016, the Magistrate Judge issued his R&R, recommending that
Respondent's Motion to Dismiss be granted and this action be dismissed.

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and
recommendations, a district judge may accept, reject, or modify a magistrate
judge's report and recommendation.  28 U.S.C. § 636(b)(1);
Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S.
1112 (1983).  A district judge "shall make a *de novo* determination of those
portions of the report or specified proposed findings or recommendations to which
objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and
recommendations to which objections have not been asserted, the Court must
conduct a plain error review of the record.  Garvey v. Vaughn, 993 F.2d 776, 779
n.9 (11th Cir.  1993); United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983)
(per curiam).  The parties did not file objections to the R&R, and the Court thus
reviews it for plain error.

### B.    Analysis

"[W]hen the federal government takes possession of a state prisoner
pursuant to a writ of habeas corpus ad prosequendum, the state's custody is not

3

interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence." Butler v. Warden, FCC Coleman-Medium, 451 F. App'x 811, 812 (11th Cir. 2011); see Trice v. Vazquez, No. 2:07-cv- 0027, 2007 WL 2230609, at *3, n.2 (S.D. Ga. 2007) ("A federal sentence does not commence when a federal defendant is produced by a state for federal prosecution by means of a writ of habeas corpus ad prosequendum; state authorities retain primary jurisdiction over the defendant until the state releases the defendant on satisfaction of the state obligation."); cf. Meagher v. Clark, 943 F.2d 1277, 1283 (11th Cir. 1991) ("[F]ederal jail time [must] be computed only to include such time that the prisoner has served in confinement for the federal offense involved.").

Petitioner received credit against his state sentence for the time he spent in temporary federal custody from October 5, 2005, to July 2, 2007. ([4.2]). The Magistrate Judge found that the BOP properly declined to credit this time against Petitioner's federal sentence, including because doing so would constitute double counting. Scruggs v. Adkinson, 423 F. App'x 858, 861 (11thCir. 2011) (holding that prisoner's time served during his state court pre-trial detention could not be credited toward his federal sentence since that time was credited toward his state sentence, even if a federal detainer was pending). The Magistrate Judge also found

4

that the BOP properly determined that Petitioner's federal sentence is to be served consecutively, not concurrently, with his state sentence, even though the federal sentencing court did not explicitly say so.  See 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").  The Court finds no plain error in these conclusions, or in the Magistrate Judge's recommendation that this action be dismissed.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [7] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Respondent Darlene Drew's Motion to Dismiss [4] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner John W. Thomas' Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [1] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**SO ORDERED** this 30th day of November, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE